Heghine VARDANYAN; Sevada
Avagyan, Petitioners,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–71224.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

March 24, 2016.

Areg Kazaryan, Law Offices of Areg
Kazaryan, Glendale, CA, for Petitioners.

Scott Michael Marconda, Esquire, Trial,
OIL, DOJ–U.S. Department of Justice,
Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of
Homeland Security, San Francisco, CA,
for Respondent.

Before: GOODWIN, LEAVY, and
CHRISTEN, Circuit Judges.

MEMORANDUM **

Heghine Vardanyan and Sevada Avagyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing
their appeal from an immigration judge's
decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture
("CAT"), and denying their motion to remand. We have jurisdiction under 8

U.S.C. § 1252. We review for substantial
evidence the agency's factual findings, *Hu
v. Holder*, 652 F.3d 1011, 1016 (9th Cir.
2011), and for abuse of discretion the
BIA's denial of a motion to remand,
*Movsisian v. Ashcroft*, 395 F.3d 1095, 1098
(9th Cir.2005). We grant the petition for
review and remand.

Vardanyan stated several individuals, including a police officer, harmed her and
threatened to punish petitioners in place of
Vardanyan's politically active father because petitioners were involved in the
same activities as Vardanyan's father.
Substantial evidence does not support the
agency's conclusion that petitioners failed
to establish that a protected ground was or
would be at least one central reason for
their past experiences or fear of future
harm. *See Hu*, 652 F.3d at 1019–20 (record
compelled finding that one central reason
for persecution was petitioner's actual or
imputed political opinion); *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir.2014)
("[A]n applicant's association with, or relationship to, people who are known to hold
a particular political opinion may serve as
indirect evidence of an imputed political
opinion.") (internal quotation and citation
omitted).

Petitioners also filed a motion to remand
in which Avagyan stated officials detained
and sexually assaulted him after he filed a
criminal complaint with police regarding
Vardanyan's mistreatment. The officials
threatened they would detain and sexually
assault Vardanyan if Avagyan did not
withdraw his complaint. In denying petitioners' motion to remand, the BIA found
Avagyan failed to establish a prima facie
case for relief because he did not show he
was harmed on account of a protected

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ground. The BIA abused its discretion in making this finding. *See Movsisian*, 395. F.3d at 1098 ("The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'"); *Hu*, 652 F.3d at 1019–20 (concluding petitioner satisfied the nexus requirement). Further, the BIA did not assess whether the facts in petitioners' motion to remand affected their eligibility for CAT relief. *See Quijada–Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir.2015) (the BIA is "required to consider all evidence relevant to the possibility of future torture") (internal quotation and citation omitted).

Thus, we grant the petition for review and remand this case to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.